UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
WILLIAM A. MACK,                    )
                                    )
       Plaintiff,              )
                                    )
  v.                                )    Consolidated Civil Action Nos.
                                    )    06-1144 and 09-2291 (PLF)
WP COMPANY, LLC, d/b/a              )
THE WASHINGTON POST,                )
                                    )
       Defendant.              )
_____ )

OPINION

       This employment discrimination matter came before the Court on the defendant's motion for summary judgment. In a previously issued Order, the Court granted the defendant's motion. See Order (Sept. 28, 2012). This Opinion provides the reasoning behind that decision.[1]

I.  BACKGROUND

       Plaintiff William A. Mack brought suit against his former employer, the WP Company, LLC, d/b/a the Washington Post ("the Post"), alleging violations of the Family and Medical Leave Act, 29 U.S.C. §§ 2610 et seq. ("FMLA"). The Court denied the Post's motion for summary judgment on Mr. Mack's FMLA claims, but concluded that only two genuine issues of material fact exist with respect to those claims: whether the Post retaliated against Mr. Mack for taking medical leave in or about April 2006, and whether the Post unlawfully interfered with his right to take leave that month by terminating him in early May. See

---

[1] The papers reviewed in connection with this matter include the following: plaintiff's complaint in Civil Action No. 09-2291 ("Complaint"); defendant's answer ("Answer"); defendant's motion for summary judgment ("Mot."), statement of material facts ("Def. Stmnt."), and supporting memorandum ("Mem."); plaintiff's opposition ("Opp.") and statement of material facts ("Pl. Stmnt."); and defendant's reply ("Reply").

Memorandum Opinion and Order at 1-2 (Sept. 29, 2008). The Court found that because Mr. Mack did not give the Post sufficient notice of his intent to take leave prior to April 2006, he could not invoke the protections of the FMLA before that period. Id.

Mr. Mack subsequently filed a second action against the Post, alleging that it discriminated against him on the basis of race, religion, gender, and disability in violation of Title VII of the Civil Rights Act of 1964. See Complaint, Mack v. WP Company, LLC, Civil Action No. 09-2291 (D.D.C.) ("Complaint"). The two actions were consolidated for all purposes. The Post moved for summary judgment on Mr. Mack's Title VII claims, contending that he cannot state a claim on any of his claims as a matter of law. In addition, the Post maintains that it is entitled to summary judgment on the maximum amount of damages that Mr. Mack may recover on his surviving FMLA claims.

## II.  STANDARD OF REVIEW

Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). "A fact is 'material' if a dispute over it might affect the outcome of a suit under the governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination." Holcomb v. Powell, 433 F.3d at 895 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 248). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Scott v. Harris, 550 U.S. 372, 380 (2007); Anderson v. Liberty Lobby, Inc., 477 U.S. at 248; Holcomb v. Powell, 433 F.3d at 895.

When a motion for summary judgment is under consideration, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. at 255; see also Mastro v. Potomac Electric Power Co., 447 F.3d 843, 849-50 (D.C. Cir. 2006); Aka v. Washington Hospital Center, 156 F.3d 1284, 1288 (D.C. Cir. 1998) (en banc); Washington Post Co. v. U.S. Dep't of Health and Human Services, 865 F.2d 320, 325 (D.C. Cir. 1989). The non-moving party's opposition, however, must consist of more than mere unsupported allegations or denials and must be supported by affidavits, declarations, deposition testimony, or other competent evidence, setting forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The non-moving party is required to provide evidence that would permit a reasonable jury to find in his favor. Laningham v. United States Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987). If the non-movant's evidence is "merely colorable" or "not significantly probative," summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50; see Scott v. Harris, 550 U.S. at 380 ("[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.' ") (quoting Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). To defeat a properly supported motion for summary judgment, then, the non-moving party must have more than "a scintilla of evidence to support his claims." Freedman v. MCI Telecommunications Corp., 255 F.3d 840, 845 (D.C. Cir. 2001).

III.  DISCUSSION

*A. Title VII Claims*

Before filing suit under Title VII, a plaintiff must first exhaust his administrative remedies.  Payne v. Salazar, 619 F.3d 56, 65 (D.C. Cir. 2010).  Mr. Mack filed a charge of discrimination with the Fairfax County Human Rights Commission alleging that the Post discriminated against him on the basis of race, religion, gender, and disability.  Def. Stmnt. ¶¶ 58-60.  The Equal Employment Opportunity Commission ("EEOC") issued a right-to-sue notice to Mr. Mack with respect to those claims dated February 24, 2009.  See Complaint, Exh. A.  According to Mr. Mack, he never received this notice because it was sent to the address of his mother's house, where he was staying at the time he filed his administrative charge.  Deposition of William A. Mack at 159-62 (June 2, 2010) [Dkt. No. 25-5] ("Mack Dep.").  Through subsequent phone calls, Mr. Mack learned that the notice had been sent to his mother's address, and he requested that it be sent again to his new address.  Id. at 165-66.  The EEOC mailed a copy of the notice — postmarked August 26, 2009 — to Mr. Mack's new address, and this time Mr. Mack received it.  See Complaint, Exh. A at 1 (photocopy of postmarked envelope); Mack Dep. at 170-71.

"A person aggrieved under Title VII who seeks to file a civil action must do so within ninety days from receipt of the EEOC right-to-sue notice.  Griffin v. Acacia Life Ins. Co., 151 F. Supp. 2d 78, 80 (D.D.C. 2001); see 42 U.S.C. § 2000e-5(f)(1) ("If a charge filed with the Commission . . . is dismissed by the Commission . . . the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge.").  The ninety-day time limit from the date of receipt "functions like a statute of limitations."  Wiley v. Johnson, 436 F. Supp. 2d 91, 96

(D.D.C. 2006) (discussing parallel ninety-day time limit in 42 U.S.C. § 2000e-16(c)).  When no evidence of the date of receipt has been provided, the Court "must determine a presumptive date of receipt."  Hogue v. Roach, 967 F. Supp. 7, 9 (D.D.C. 1997) (citing Anderson v. Local 201 Reinforcing Rodmen, 886 F. Supp. 94, 97 (D.D.C. 1995)).

"Absent evidence indicating otherwise, the right-to-sue letter is presumed to have been mailed on the date of its issuance."  Akridge v. Gallaudet Univ., 729 F. Supp. 2d 172, 178 (D.D.C. 2010) (citing Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 148 (1984)); accord Ruiz v. Vilsack, 763 F. Supp. 2d 168, 171 (D.D.C. 2011); McAlister v. Potter, 733 F. Supp. 2d 134, 143 (D.D.C. 2010).  Here, the Court need not engage in presumptions because it has strong evidence of the actual date of mailing.  A copy of the envelope in which the notice was (for the second time) mailed to Mr. Mack shows a postmark date of August 26, 2009, and no evidence suggests that it was not in fact mailed on that date.  See Complaint, Exh. A at 1.

Mr. Mack's complaint alleges that he actually *received* the notice nine days after it was postmarked, on September 4, 2009, which was exactly 90 days before he filed his complaint.  See Complaint ¶ 17.  In his deposition, however, Mr. Mack at first could not recall when he received the notice, but he then testified that he believes he received it in August.  More precisely, he stated that he received the notice within two days after August 20, 2009 — the date on which an official from the EEOC left him a voicemail message letting him know that the notice was being mailed to his new address.  Mack Dep. at 176-71.  While the notice's metered postmark date of August 26 suggests that this is unlikely, resolving any possible disparity between these two pieces of evidence is unnecessary, because even receipt of the notice within two days after the later date (the date of the postmark) would not be consistent with Mr. Mack's complaint, nor would it render that complaint timely.

When the date that a right-to-sue notice was received is unknown or disputed, courts routinely presume that the notice was received either three days or five days after it was mailed. Nkengfack v. Am. Ass'n of Retired Persons, 818 F. Supp. 2d 178, 181 (D.D.C. 2011); Ruiz v. Vilsack, 763 F. Supp. 2d at 171. Receipt within three days is usually presumed, based on Rule 6(d) of the Federal Rules of Civil Procedure. See Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. at 148 n.1 (stating that "presumed date of receipt" is three days after issuance of right-to-sue letter and citing Rule 6); Smith-Haynie v. Dist. of Columbia, 155 F.3d 575, 579 (D.C. Cir. 1998) (same, citing Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. at 148 & n.1); Akridge v. Gallaudet Univ., 729 F. Supp. 2d at 178 (applying three-day presumption); Howard v. Fenty, 580 F. Supp. 2d 86, 91 (D.D.C. 2008) (same); Savoy v. VMT Long Term Care Mgmt. Co., Inc., 522 F. Supp. 2d 211, 212-13 (D.D.C. 2007) (same); Griffin v. Acacia Life Ins. Co., 151 F. Supp. 2d at 80 (same). Courts have employed a more generous five-day presumption instead where particular circumstances made that presumption more reasonable. See, e.g., Nkengfack v. Am. Ass'n of Retired Persons, 818 F. Supp. 2d at 181; Ruiz v. Vilsack, 763 F. Supp. 2d at 171; Washington v. White, 231 F. Supp. 2d 71, 75 (D.D.C. 2002).

In this case, Mr. Mack's complaint would be untimely using either a three- or five-day presumptive date of receipt. The EEOC notice was mailed to him on August 26, 2009. "For the purposes of computing the ninety-day period within which the suit must be filed, the court begins counting the day after the right-to-sue letter was received." Akridge v. Gallaudet Univ., 729 F. Supp. 2d at 178 (citing Fed. R. Civ. P. 6(a)(1)(A), which directs courts to "exclude the day of the event that triggers the period" when "computing any time period specified . . . in any statute that does not specify a method of computing time"). Utilizing a three-day presumption, the 90-day period ended on November 28, 2009. Because that was a Saturday, the

deadline for filing the complaint would have been November 30, the next business day. See Fed. R. Civ. P. 6(a)(1)(C). Utilizing a five-day presumption, the 90-day period ended on November 30, 2009. Either way, Mr. Mack's complaint —filed on December 3, 2009 — was three days late.[2]

The presumption that a right-to-sue notice was received three or five days after being mailed can be rebutted by evidence to the contrary. See Griffin v. Acacia Life Ins. Co., 151 F. Supp. 2d at 81-82. A plaintiff can rebut the presumption by "sworn testimony or other admissible evidence indicating the notice was received later." McAlister v. Potter, 733 F. Supp. 2d at 143 (quotation omitted). But here, the only evidence in the record — Mr. Mack's deposition — confirms rather than rebuts the presumption: Mr. Mack has testified that he received the notice in August, within a couple of days after being informed that it was being mailed. Mack Dep. at 170-71. The allegation in Mr. Mack's complaint that he received the notice on September 4, 2009 — unsupported by any evidence in the record, including Mr. Mack's own account — is insufficient at the summary judgment stage to rebut the presumptive date of receipt. McAlister v. Potter, 733 F. Supp. 2d at 143; see Williams v. First Gov't Mortg. & Investors Corp., 225 F.3d 738, 751 (D.C. Cir. 2000).

Mr. Mack's complaint, therefore, was not filed within the 90-day time limit set forth in 42 U.S.C. § 2000e-5(f)(1). That time limit, however, is not jurisdictional and "is subject to waiver, estoppel, and equitable tolling." Wiley v. Johnson, 436 F. Supp. 2d at 96 (citing Mondy v. Sec. of the Army, 845 F.2d 1051, 1057 (D.C. Cir. 1988)); Nkengfack v. Am. Ass'n of

---

[2] Some opinions state that courts have presumed receipt of right-to-sue notices within up to *seven* days. See, e.g., Taylor v. Books A Million Inc., 296 F.3d 376, 379 (5th Cir. 2002); Lozano v. Ashcroft, 258 F.3d 1160, 1164 (10th Cir. 2001). Despite these statements, it does not appear that a seven-day rule has ever actually been applied by a court, and the decisions just cited "offer[] no source for the rule." Payan v. Aramark Mgmt. Services Ltd. P'ship, 495 F.3d 1119, 1125-26 & n.6 (9th Cir. 2007). In any event, even using a seven-day presumptive date of receipt, Mr. Mack's complaint was filed one day late.

Retired Persons, 818 F. Supp. 2d at 180; Anderson v. Local 201 Reinforcing Rodmen, 886 F. Supp. at 97.  But none of those doctrines applies here.  The Post raised the statute of limitations as an affirmative defense in its answer and denied Mr. Mack's claim that he received the notice on September 4, 2009.  See Answer at 3, 6, Mack v. WP Company, LLC, Civil Action No. 09-2291 (D.D.C.).  The defense therefore has not been waived.[3]  Likewise, no basis for estoppel has been raised or is apparent.

Equitable tolling is permissible "only in extraordinary and carefully circumscribed instances," McAlister v. Potter, 733 F. Supp. 2d at 142 (quoting Mondy v. Secretary of the Army, 845 F.2d at 1057), including situations where noncompliance with the ninety-day deadline was caused by factors beyond the plaintiff's control.  See, e.g., Nkengfack v. Am. Ass'n of Retired Persons, 818 F. Supp. 2d at 182-84; Carter v. Dist. of Columbia, 14 F. Supp. 2d 97, 101 (D.D.C. 1998)).  "To benefit from equitable tolling, however, the plaintiff must plead and prove that the delay in meeting the 90-day limit was 'more than a garden variety claim of excusable neglect,'" Turner v. Afro-Am. Newspaper Co., 572 F. Supp. 2d 71, 73 (D.D.C. 2008) (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)), and "the Supreme Court has emphasized that . . . courts should not invoke the doctrine in cases where the plaintiff has failed to act diligently to preserve [his] claim." Baker v. Henderson, 150 F. Supp. 2d 17, 21-22 (D.D.C. 2001) (citing Baldwin County Welcome Ctr. v. Brown, 466 U.S. at 151).  "This is particularly true when the plaintiffs have been 'unambiguous[ly] notified that they must sue within ninety days of the EEOC's dismissal of the charge,'" id. (quoting Smith–Haynie v.

---

[3]     Mr. Mack believes that the Post should have raised the statute of limitations issue earlier in the case, see Opp. at 6-7, but the Post could not have done so in a motion to dismiss, because the Court would have had to accept the allegations of Mr. Mack's complaint (including that he received the notice on September 4, 2009) in ruling on the motion.  Moreover, because the Post included this issue as an affirmative defense in its answer, the defense is preserved regardless of whether or not the Post passed up subsequent opportunities to raise the issue.  Long v. Howard Univ., 550 F.3d 21, 24 (D.C. Cir. 2008).

District of Columbia, 155 F.3d at 580), which Mr. Mack clearly was.[4] The burden is on the plaintiff to demonstrate that equity demands forgiveness of a late filing, and where — as here — a plaintiff "offers no explanation at all" for his tardiness, that burden is not met. McAlister v. Potter, 733 F. Supp. 2d at 143-44.

Finally, the fact that Mr. Mack missed the statutory deadline by only a few days does not change things. "No matter how slight the tardiness, a court is not at liberty to disregard the 90-day deadline out of a vague sympathy for any particular plaintiff." Turner v. Afro–American Newspaper Co., 572 F. Supp. 2d at 73. "Courts apply the ninety-day time limit strictly and will dismiss a suit for missing the deadline by even one day." Wiley v. Johnson, 436 F. Supp. 2d at 96; see Smith-Haynie v. Dist. of Columbia, 155 F.3d at 578 (affirming summary judgment where plaintiff "received her right-to-sue letter 92 days before she filed suit"); McAlister v. Potter, 733 F. Supp. 2d at 143 (holding that suit filed two days late is time-barred); Turner v. Afro–American Newspaper Co., 572 F. Supp. 2d at 73 (one day late); Smith v. Dalton, 971 F. Supp. 1, 2-3 (D.D.C.1997) (one day late). Mr. Mack's Title VII claims therefore must be dismissed.

---

[4] The EEOC notice explained on its first page that Mr. Mack could file a lawsuit against the Post and stated: "Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost." Complaint, Exh. A at 3 (emphasis in original). Also enclosed with the notice was a document providing information about filing suit under Title VII, the first line of which stated: "In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you receive this Notice**. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later." Id. at 4 (emphasis in original).

## B. *FMLA Claims*

As explained above, the Court concluded in its earlier Memorandum Opinion and Order that Mr. Mack can recover on his FMLA claims only for the period beginning in April 2006. Although the Post's liability on those FMLA claims remains to be determined, the Post has moved for summary judgment on the maximum amount of damages that Mr. Mack can recover on the claims. See Mem. at 34-36.

Under Rule 56(g) of the Federal Rules of Civil Procedure, even where summary judgment cannot be granted on liability because there are genuine issues of material fact to be tried, the Court is empowered to "indicate the extent to which the amount of damages or other relief is not in controversy." 10B WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2737 at 312-14 (3d ed. 1998); see Reynolds v. S & D Foods, Inc., 822 F. Supp. 705, 706-07 (D. Kan. 1993) ("When ruling on a partial summary judgment motion, the district court may indicate the extent to which the amount of damages is not in controversy. . . . Given concerns of judicial economy, Fed. R. Civ. P. 56([g]) allows the court a pretrial adjudication on certain issues that are not proper for trial.") (citing WRIGHT & MILLER § 2737); Leasing Serv. Corp. v. Graham, 646 F. Supp. 1410, 1414 (S.D.N.Y. 1986) ("The District Court is empowered to specify in [a] pre-trial order any amount of damages which is not in controversy."); United States v. State of W. Va., 537 F. Supp. 388, 399 (S.D.W. Va. 1982) ("Although summary judgment cannot be rendered on the whole case, material facts relating to the amount of damages are not in dispute, and may therefore be deemed established for the duration of this litigation."); see also Fed. R. Civ. P. 56(g), Advisory Committee Notes, 2010 Amendments.

Based on the evidence in the record, the Post calculates Mr. Mack's total potential economic damage suffered as a result of his FMLA claims as $4,239.36. See Mem. at 35-36.

Mr. Mack's opposition to the Post's motion entirely fails to address the issue of FMLA damages, and Mr. Mack therefore has conceded the point. "It is understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." Buggs v. Powell, 293 F. Supp. 2d 135, 141 (D.D.C. 2003) (citing FDIC v. Bender, 127 F.3d 58, 67-68 (D.C. Cir. 1997)); accord Lewis v. District of Columbia, No. 10-5275, 2011 WL 321711, at *1 (D.C. Cir. Feb. 2, 2011); Harris v. CitiMortgage, Inc., 878 F. Supp. 2d 154, 163 (D.D.C. 2012). The Court therefore concludes that Mr. Mack's FMLA damages, should he prevail on his claims under that statute, will be limited to $4,239.36.

## IV.  CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment has been granted. An Amended Order consistent with this Opinion shall be issued this same day.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  February 15, 2013